UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

SAMMY DARNELL SPEARS #360478,

                        Plaintiff,                              Case No. 2:07-cv-198

v.                                                Honorable R. Allan Edgar

B. MASTERS, et al.,

                        Defendants.

_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Sammy Darnell Spears, an inmate at the Alger Maximum Correctional Facility (LMF), filed this civil rights action against Defendants Resident Unit Officer B. Masters, Sergeant Unknown O'Dell, Assistant Resident Unit Supervisor Peggy Carberry, Warden D. Bergh, Deputy Warden L. Rapelje, Resident Unit Manager D. McBurney, Sergeant T. Lee, Sergeant Unknown Belusar, and Sergeant Unknown Hursh.

In his complaint, Plaintiff alleges that on August 28, 2007, Plaintiff was in his cell waiting for his meal tray. Plaintiff's cell window shutter had been closed by a female corrections officer so that another prisoner on the unit could be placed in restraints and moved. While Plaintiff was waiting for his meal, Defendant Masters opened Plaintiff's shutter and asked Plaintiff why it had been closed. Defendant Masters then stated, "You're showing your big black penis to the staff." Defendant Masters then smiled and spoke in a feminine low tone, stating, "Mr. Spears, if you want to eat your lunch meal, you need to show me your big black penis or you won't get your lunch . . . you always show it to female staff." When Plaintiff refused to comply, Defendant Masters withheld Plaintiff's meal tray.

Plaintiff claims that this was the third time that Defendant Masters had behaved in this manner and that Defendant Masters frequently stared in Plaintiff's cell window while he was using the toilet and washing his body. Plaintiff complained about Defendant Masters' behavior to Defendant Carberry, who stated "Masters is only playing with you trying to get you bent out of shape." Defendant Carberry further stated, "I feel sexually harassed every day I come to work, working in a male environment amongst my own colleagues but I don't take it seriously, so grow

up and be a man and stop crying to me."  Plaintiff then sent kites to Defendants McBurney, Bergh, Rapelje, who all told Plaintiff to stop "lying on the officer."  Plaintiff also claims that Defendant Masters has a long history of sexually harassing prisoners in the segregation units at LMF, but that he has never been disciplined for this behavior.  Plaintiff contends that Defendants McBurney and Rapelje do not make regular rounds because they don't want to know what is going in with the prisoners.

Plaintiff appears to be claiming that Defendants' conduct violates the Eighth Amendment.  Plaintiff seeks both damages and equitable relief.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and

- 3 -

wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas*, 109 F.3d at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v.*

- 4 -

*Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wonton infliction of pain); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim).

        The Eight Amendment's proscription against cruel and unusual punishment forbids the unnecessary and wanton infliction of pain. *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The objective component of an Eighth Amendment claim requires that the pain be serious. *Id*. at 8-9. Although severe or repetitive sexual abuse certainly could qualify under this standard, a single incident of objectionable sexual touching does not meet the objective component of an Eighth Amendment claim. Numerous circuit court decisions, including unpublished opinions of the Sixth Circuit, have held that such allegations are insufficient to state an Eighth Amendment claim. *See*, *e.g.*, *Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not

severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000

WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand

on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the

objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir.

1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks

could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir.

2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate

prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his

penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his

private parts).

   If true, Defendant Masters' conduct toward Plaintiff was reprehensible, but it does

not rise to the level of an Eighth Amendment violation.  Plaintiff does not allege that Defendant

Masters ever touched him or had form of physical contact with him.  Acts of verbal sexual

harassment, standing alone, are insufficient to state a claim under the Eighth Amendment.  *See*

*Morales*, 278 F.3d at 132; *Zander*, 1998 WL 384625, at *2.  Plaintiff's claims that he was denied

his tray on three occasions because of his refusal to show Defendant Masters his penis are also

insufficient to constitute an Eighth Amendment violation.  Because Defendant Masters' conduct did

not rise to the level of an Eighth Amendment violation, Plaintiff's claims regarding the failure of the

remaining Defendants to intervene on Plaintiff's behalf must also be dismissed.  Therefore, the

undersigned recommends dismissal of Plaintiff's complaint.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


                                        /s/ Timothy P. Greeley                                   
                                        TIMOTHY P. GREELEY
                                        UNITED STATES MAGISTRATE JUDGE

Dated:   November 14, 2007


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).